UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BAYLI POLK and ALYSSA SPRINGER, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>ATWOOD DISTRIBUTING GP, LLC, ATWOOD DISTRIBUTING, L.P.<br>Defendants. | § § § § § § § § § § § § § | No. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Bayli Polk ("Polk") and Alyssa Springer ("Springer") (collectively referred to as "Plaintiffs") and files this lawsuit against Defendants Atwood Distributing GP, LLC and Atwood Distributing, L.P. (collectively referred to as "Atwood" or "Defendants"). Plaintiffs state as follows:

### I. Introduction

1. Polk and Springer bring this action under the Equal Pay Act of 1963 ("EPA") individually and on behalf of all current and former employees of Defendants. As alleged with greater particularity below, Defendants paid Polk and Springer and other female Store Managers less than its male Store Managers for equal work on jobs, the performance of which required substantially equal skill, effort, and responsibility, and which were performed under similar working conditions.

2. Springer also brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as she, a female, was treated differently, i.e., more heightened scrutiny than male Store Managers. She was given an ultimatum and was constructively discharged thereafter.

## II. Parties

3. Plaintiff Bayli Polk is a resident of Wichita Falls, Texas. In October of 2020, her Regional Manager, promoted her to the Store Manager position.

4. Plaintiff Alyssa Springer is a resident of Kingston, Oklahoma. On February 26, 2020, her Regional Manager, promoted her to the Store Manager position.

5. Defendant Atwood Distributing GP, LLC is a foreign limited liability company that may be served with process by serving its registered agent:

Registered Agent Solutions, Inc.
Corporate Center One, 5301 Southwest Parkway, Suite 400,
Austin, Texas 78735

Alternatively, if the registered agent of Atwood Distributing cannot with reasonable diligence be found at the company's registered office, Atwood Distributing GP, LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

6. Defendant Atwood Distributing, L.P. is a foreign limited partnership that may be served with process by serving its registered agent:

Registered Agent Solutions, Inc.
Corporate Center One, 5301 Southwest Parkway, Suite 400,
Austin, Texas 78735

Alternatively, if the registered agent of Atwood Distributing, L.P. cannot with reasonable diligence be found at the company's registered office, Atwood Distributing, L.P. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

7. At all relevant times, Atwood has continuously had at least 15 employees.

8. At all relevant times, Atwood has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C. 200e(b), (g), and (h).

9. At all relevant times, Atwood has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of the FLSA, 29 U.S.C. 203(d).

10. At all relevant times, Atwood has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (i), and (j), and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

11. An allegation that Atwood committed any act or omission should be construed to mean that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Atwood or was done in the

routine and normal course and scope of employment of Atwood's officers, directors, vice-principals, agents, servants or employees.

### III. Jurisdiction & Venue

12. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, a federal question. Additionally, this action is authorized and instituted pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 216(c) and § 217, to enforce the requirements of the EPA, 29 U.S.C. § 206(d) and pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. 2000e-5(f)(3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

13. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1)-(2) and 42 U.S.C. §2000e-5(f)(3), because a substantial part of the events or omissions giving rise to the claims occurred in the Wichita Falls Division of the Northern District of Texas.

14. On October 19, 2021, Polk filed a charge of discrimination for unequal pay, gender discrimination, and hostile work environment with the Equal Employment Opportunity Commission ("EEOC").

15. On October 12, 2021, Springer filed a charge of discrimination for unequal pay (wage disparity based upon gender), gender discrimination, and hostile work environment with the EEOC.

16. Springer has exhausted any applicable administrative remedies and on May 10, 2022, received the Dismissal and Notice of Right to Sue letter from the EEOC. This lawsuit has been filed within 90 days of her receipt of the Dismissal and Notice of Right to Sue letter.

17. All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

## IV.  Facts

18. Atwood Distributing GP, LLC and Atwood Distributing, L.P. own and operate farm and ranch supply stores in Texas, Arkansas, Kansas, Oklahoma and Missouri, an industry affecting commerce. See generally, Atwoods, https://www.atwoods.com/ (last visited Aug. 8, 2022).

19. Bayli Polk, a female, was employed at Atwood from 2016 to August 4, 2021 in Wichita Falls, Texas.

20. Glen Gabardi was the Vice President of Atwood and the Regional Managers reported to Mr. Gabardi.

21. In October of 2020, Mr. Richard Medina, the then Regional Manager of Texas and Oklahoma locations, promoted Polk to Store Manager.

22. Polk's pay increased to about $48,000.00.

23. During her employment with Atwood, in more than one manner, Polk learned that male Store Managers were getting paid more than female Store Managers.

24. First, Richard Medina, her Regional Manager, informed her that he requested raises for female Store Managers under him, including her, but without reason or explanation, Gabardi refused to give raises to the female Store Managers, and only wanted the male Store Managers to receive raises.

25. Additionally, part of Polk's role, was to open different store locations. As part of this role, she had access to the pay records of Store Managers. At that time, she confirmed that male Store Managers were getting paid more than female Store Managers.

26. Upon learning this information, she complained to her subsequent Regional Managers, James Strauss and Kenny Shiplett ("Shiplett").

27. Rather than expressing his concern for the disparity in compensation for male and female Store Managers, Mr. Shiplett expressed to Ms. Polk that she needed a male Assistant Manager, someone that the employees would respect.

28. Upon realizing that even male Store Managers with less experience than her and other female Store Managers were paid more and that such a condition would not change, Polk was constructively discharged on August 4, 2021.

29. Polk is aware of other similarly situated female Store Managers that were paid a lower wage than male Store Managers for equal work in a Store Manager role that required substantially equal, skill, effort, and responsibility, and which were performed under similar working conditions. These female Store Managers were including, but were not limited to Alyssa Springer, Gina Tucker, Barbara (last name unknown), and Jessica (last name unknown).

30. As a result, Plaintiff filed a charge of discrimination under the Equal Pay Act (wage discrimination), gender discrimination, retaliation, and hostile work environment with the Equal Employment Opportunity Commission and the Texas Workforce Commission-Civil Rights Division.

31. The unlawful employment practices complained of in the foregoing were done with malice or with reckless indifference to the federally and state protected rights of Plaintiff.

32. Springer, a female, began her employment with Atwood in March of 2018.

33. On February 26, 2020, Atwood Regional Manager Richard Medina promoted Springer from the Assistant Manager to the Store Manager role.

34. Her pay increased to approximately $48,000.00.

35. There were considerably more male Store Managers than female Store Managers at the time. For example, there were about five female Store Managers and over fifty male Store Managers.

36. When females were promoted to Store Manager roles, their pay was increased to approximately $48,000; however, when males received these roles, they were paid over $60,000.00.

37. In other words, all female Store Managers employed by Defendants the last three years are similarly situated to Plaintiffs because they (1) have similar job duties as Store Managers; (2) were paid substantially lower wages than male Store Managers; (3) performed substantially equal work to that of the male Store Managers under substantially equal working conditions in violation of 29 U.S.C. § 206(d) and are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

38. In fact, without reason or explanation, Vice President Glen Gabardi requested that Richard Medina reflect an increase in pay for male Store Managers but denied discussing or increasing the pay of female Store Managers.

39.  After Richard Medina was separated from Atwood, male Store Manager, Mr. Jim Strauss was promoted to a Regional Manager role. Springer then reported to Jim Strauss.

40.  Once Mr. Strauss became a Regional Manager, he instituted heightened scrutiny towards Plaintiff Springer, a female, and subjected her to a hostile work environment based upon her gender, female.

41.  Without any prior written reprimands, in February of 2021, Strauss ordered Springer to drive five hours to receive a twenty-minute written coaching, where he threatened her job. He gave her an ultimatum to inform him of her resignation by the following Tuesday. Even if she did not resign, Strauss informed her if "things do not improve, I'm going to take you out."

42.  Springer had never witnessed Strauss threaten the employment of male Store Managers.

43.  Thereafter, on February 11, 2021, Springer was constructively discharged from the Madill location, Store #44. Her last day of work was February 25, 2021.

44.  From the time Springer was a Store Manager until the time of her constructive discharge, she was paid less than male Store Managers for the same job.

45.  Defendants' wrongful acts have directly and/or proximately caused grievous, permanent injury to Plaintiff Springer, including great emotional distress, physical pain, mental anguish, fear, humiliation, embarrassment, degradation, injury to her reputation, suffering and economic damages (including loss of income).

46. Springer was aware of other female Store Managers that were paid a lower wage than male Store Managers for equal work in a Store Manager role that required substantially equal, skill, effort, and responsibility, and which were performed under similar working conditions.

47. As a result, Plaintiff Springer filed a charge of discrimination under the Equal Pay Act (wage discrimination based on sex), gender discrimination, and hostile work environment based upon gender with the Equal Employment Opportunity Commission.

48. The unlawful employment practices complained of in the foregoing were done with malice or with reckless indifference to the federally and state protected rights of Plaintiff.

## V. Count One— Gender Discrimination, Hostile Work Environment Based Upon Gender Under Title VII of the Civil Rights Act
### (Alyssa Springer)

49. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50. Atwood's employment practices had a disparate impact on Springer because of her gender, female.

51. Atwood partook in actions that demonstrate gender discrimination and hostile work environment with malice or with reckless indifference to Springer's protected rights and are in violation of Title VII of the Civil Rights Act.

52. Springer was qualified for her position as she was promoted to her role of Store Manager on February 26, 2020.

53. Her new Regional Manager subjected her to heightened scrutiny. Without any prior written reprimands, in February of 2021, her new Regional Manager Strauss (a male), ordered Springer to drive five hours to receive a twenty-minute written coaching, where he threatened her job.  He gave her an ultimatum to inform him of her resignation by the following Tuesday.  Even if she did not resign, Strauss informed her if "things do not improve, I'm going to take you out".

54. Springer had never witnessed Strauss threaten the employment of male Store Managers.

55. Thereafter, on February 11, 2021, Springer suffered an adverse employment action and was constructively discharged from the Madill location, Store #44 in Oklahoma. Her last day of work was February 25, 2021.

56. With respect to the heightened scrutiny, unprompted written reprimand, and her job being threatened, Springer was subjected to discrimination that was based upon her gender, female.  The discrimination was severe and pervasive.  It was unwelcomed and altered the terms and conditions of her workplace.

57. Such discrimination has caused Springer to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Springer has been subjected to an adverse employment action as a result of the discrimination.

58. Such discrimination and hostile work environment were committed with malice and reckless indifference to the rights of Springer, who endured discrimination and desired to

be treated equally pursuant to the intent of the statute to protect victims from such actions.

59. Springer has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Atwood.

60. Springer is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Atwood's discriminatory practices, and they will continue unless and until this Court grants relief.

## VI.  Count Two—Equal Pay Act, The Fair Labor Standards Act of 1938, as amended by The Equal Pay Act, 29 U.S.C. §§ 206, *et seq*.
## (Bayli Polk and Alyssa Springer)

61. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

62. From about February 26, 2020 until about February 25, 2021, Defendants Atwood violated the FLSA, 29 U.S.C. § 206(d)(1) and § 215(a)(2), by paying female Store Manager Alyssa Springer a lower wage than it paid to male Store Managers, for equal work on jobs the performance of which requires substantially equal skill, effort, and responsibility, and which are performed under similar working conditions.

63. From about October 2020 until about August 4, 2021, Atwood Defendants violated the FLSA, 29 U.S.C. § 206(d)(1) and § 215(a)(2), by paying female Store Manager Bayli Polk a lower wage than it paid to male Store Managers, for equal work on jobs the

performance of which required substantially equal skill, effort, and responsibility, and which were performed under similar working conditions.

64. Since at least the year 2020, Atwood has violated the FLSA, 29 U.S.C. § 206(d)(1) and 215(a)(2), at its store locations by paying the known and unknown members of a class, the female Store Managers, lower wages than they paid male Store Managers, for equal work on the role of Store Manager, the performance of which required substantially equal skill, effort, and responsibility, and which were performed under similar working conditions.

65. As a result of the acts complained of above, Atwood unlawfully has withheld the payment of wages due to Polk and Springer, and to the members of the class.

66. Defendants did not act in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage discrimination based on sex in violation of the EPA.

67. Moreover, the foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255(a).

68. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiffs have suffered damages including, but not limited to, lost past and future income, compensation and benefits.

**VII. Count Three— Collective Action Allegations Under 29 U.S.C. § 216(b)**
**(Bayli Polk and Alyssa Springer)**

68. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69. On information and belief, other female Store Managers of Defendants have been victimized by the EPA violation(s) described above.

70. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA/EPA.

71. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

72. Since Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

73. For these reasons, Plaintiffs request that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All female Store Managers who were employed by Atwood during the last three years at any location in the United States.

74. Defendants are liable to Plaintiffs and the putative class members for back wages equal to the difference between what Atwood paid male Store Managers and what it actually paid the female Store Managers.

75. Plaintiffs have retained counsel who are well-versed in FLSA/EPA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

### VIII.  Count Four— Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

76. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

77. Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

78. Plaintiffs are authorized to recover attorney's fees and costs on their claims by statute and under principles of equity. *See, e.g.*, 42 U.S.C. § 1988 and 29 U.S.C. § 216(b).

79. Plaintiffs have retained the professional services of the undersigned attorneys.

80. Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs.

81. Plaintiffs are entitled to recover their attorney's fees and costs.

82. Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit.

83. The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

84. Defendants is liable to Plaintiffs and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Conditions Precedent

85. All conditions precedent have been performed or have occurred.

## X.  Jury Demand

86. Plaintiffs demand a trial by jury on all issues triable to a jury. *See*, Fed. R. Civ. P. 38.

## XI.  Relief Sought

87. To redress the injuries directly and/or proximately caused by Defendants Atwood, the Plaintiffs respectfully request that the Court enter a judgment in their favor that provides the following relief:

   a. damages in an amount to be established at trial resulting from the deprivation of Plaintiff Springer's constitutional rights, including past and future economic loss, physical harm, emotional trauma, and loss of reputation;

   b. damages in an amount to be established at trial sufficient (1) to punish Defendants for their outrageous and malicious conduct which was undertaken with a reckless disregard for and with deliberate indifference to Springer and Polk's constitutional rights; (2) to discourage Defendants from engaging in similar conduct in the future and (3) to deter others from engaging in similar unlawful conduct;

   c. judgment against Defendants for lost wages and benefits, both back pay and front pay resulting from the discriminatory actions of Defendants;

   d. compensatory damages for severe mental anguish in the past and future, injury to their reputation, for adverse effects on their career, and for diminished earning capacity resulting from the discriminatory actions of Defendants for

      Plaintiff Springer;

e. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

f. incentive award for any class representative(s);

g. judgment against Atwood in Plaintiffs favor both individually and on behalf of the putative class members for unpaid wages, including overtime, liquidated damages and attorney's fees, plus interest and costs;

h. an award of reasonable and necessary attorney's fees as specifically authorized by, among other things, 42 U.S.C. § 1988, 29 U.S.C. § 216(b);

i. prejudgment interest as provided by law;

j. postjudgment interest as provided by law; and

k. judgment for all the other relief to which Plaintiffs may be entitled.

- 17 -

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Rochelle Owens
Tex. Bar. No. 24048704
rochelle@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**